TRIBUNAL DE APELACIONES
PANEL VI-ESPECIAL

| ANA OQUENDO FERNÁNDEZ RECURRIDA | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
|---|---|---|
| v. | KLCE202401173 | Civil Núm.: SJ2024CV02129 |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO, et al. PETICIONARIOS | | Sobre: Daños y perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de noviembre de 2024.

Comparece ante nosotros MAPFRE PRAICO INSURANCE COMPANY (en adelante, MAPFRE o parte peticionaria), como aseguradora del Municipio de San Juan, mediante el presente recurso de *Certiorari*. La parte peticionaria nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 19 de septiembre de 2024, la cual declaró **No Ha Lugar** una *Moción de Sentencia Sumaria Parcial* por entender que existían hechos en controversia.

Adelantamos que, por los fundamentos que exponemos a continuación, denegamos expedir el auto de *certiorari*.

**I**

El 3 de marzo de 2024 la señora Ana Oquendo Fernández (en adelante, Sra. Oquendo Fernández o parte recurrida) presentó una *Demanda* sobre daños y perjuicios contra el Estado Libre Asociado de Puerto Rico (en adelante, ELA) y el Departamento de Transportación y Obras Públicas (en adelante, DTOP).[1] En apretada síntesis, se alegó que la Sra. Oquendo Fernández se encontraba, el 27 de septiembre de 2023

---

[1] Apéndice I del Recurso de *Certiorari*, págs. 1-3.

Número Identificador
RES2024_____

en horas de la mañana, caminando por la acera ubicada en la Avenida Ponce De León en el Municipio de San Juan cuando tropezó con un pedazo de tubo que sobresalía de la acera causándole traumas en diferentes partes de su cuerpo y angustias mentales. Arguyó que esto se debió a la negligencia del ELA y el DTOP por no tener sus aceras en condiciones adecuadas para que las personas pudieran utilizarlas sin poner en riesgo su seguridad.

El 15 de abril de 2024, la Sra. Oquendo Fernández presentó una *Demanda Enmendada* para incluir como codemandados al Municipio de San Juan y a MAPFRE como su aseguradora.[2] Alegó, además, que mientras se encontraba caminando por la acera de Avenida Ponce De León el 27 de septiembre de 2023, se encontraba oscuro porque el poste de luz que se encontraba justo al lado del tubo con el que se tropezó no estaba funcionando. Arguyó que la negligencia del Municipio de San Juan se debió en tener un poste de luz dañado justo al lado del tubo con el que se tropezó, creando así una falta de iluminación en el lugar.

En respuesta, el 16 de mayo de 2024, MAPFRE presentó su *Contestación a Demanda Enmendada*.[3] En síntesis, MAPFRE realizó sus alegaciones responsivas y levantó sus defensas afirmativas, entre ellas alegó que no existía una relación causal entre el alegado accidente y la alegada falta de iluminación en el área. Por otro lado, expresó, además, que no existía un deber jurídico por parte del Municipio de San Juan referente a las aceras de la Avenida Ponce De León y el alumbrado de estas, pues esta acera no estaba bajo su jurisdicción.

Luego de varios trámites procesales, MAPFRE presentó una *Moción de Sentencia Sumaria Parcial* el 28 de agosto de 2024.[4] En esencia, la aseguradora del Municipio alegó que procedía se dictara sentencia de manera sumaria desestimando el pleito respecto a esta y al Municipio de San Juan, pues la acera donde ocurrió el alegado accidente,

---

[2] Apéndice II del Recurso de *Certiorari*, págs. 4-7.
[3] Tomamos conocimiento judicial de la **Entrada Núm. 24** del expediente electrónico del **Caso Núm. SJ2024CV02129** en el Sistema Unificado de Manejo y Administración de Casos (en adelante SUMAC).
[4] Apéndice III del Recurso de *Certiorari*, págs. 8-149.

y en donde ubica el poste al cual hace referencia la parte demandante, no es parte de la jurisdicción del Municipio de San Juan. Es decir, la demandada arguyó que debido a que la acera se encontraba en una carretera estatal el Municipio de San Juan poseía inmunidad para no ser demanda en daños y perjuicios ocurridos en estas bajo el Artículo 1.053 del *Código Municipal de Puerto Rico*, 21 LPRA sec. 7084.

En respuesta, la Sra. Oquendo Fernández presentó el 17 de septiembre de 2024 una *Oposición a Solicitud de Sentencia Sumaria Parcial*.[5] En ese escrito, la parte demandante alegó que no procedía que se dictara sentencia por la vía sumaria pues existían hechos en controversia. Arguyó, que no se le estaba atribuyendo al Municipio de San Juan responsabilidad por el tubo por el cual se tropezó, sino que es por falta de iluminación en dicho lugar por ser este municipio el alegado propietario del poste de alumbrado y que poseía alegado control de la iluminación.

El 19 de septiembre de 2024, el Tribunal de Primera Instancia emitió una *Resolución* en la cual declaró **No Ha Lugar** a la *Moción de Sentencia Sumaria Parcial* presentada por MAPFRE.[6] El TPI razonó que existían hechos en controversias que impiden disponer del caso de manera sumaria, entre estos no contaban con determinaciones de hechos sobre quién es el propietario del poste, quién es el responsable de su mantenimiento y si la alegada falta de iluminación fue la causa adecuada para la caída o si tuvo alguna influencia en la misma. De igual modo, el foro sentenciador expresó lo siguiente:

> Si bien reconocemos la inexistencia de una causa de acción contra los municipios por accidentes ocurridos en las aceras estatales por la falta de mantenimiento o sus condiciones físicas; dicha inmunidad no puede ser interpretada hasta el absurdo de entender que es infinita. Lo contrario obligaría a resolver que aun cuando el municipio deposite navajas negligentemente sobre una acera estatal, estaría exenta de responsabilidad por las cortaduras que los transeúntes sufran al caminar.

---

[5] SUMAC en la **Entrada Núm. 44** del **Caso Núm. SJ2024CV02129**.
[6] Apéndice V del Recurso de *Certiorari*, págs. 160-167.

El 27 de septiembre de 2024, MAPFRE presentó una *Moción de Reconsideración*.[7] La cual fe declarada **No Ha Lugar** por el foro primario el 27 de septiembre de 2024.[8] Inconforme, la parte peticionaria acude el 25 de octubre de 2024 ante nosotros mediante el presente recurso de *Certiorari*, en el cual señala la comisión de los siguientes errores:

> Primer Error: Erró el Honorable Tribunal de Primera Instancia al no aplicar la inmunidad concedida a los municipios por accidentes en las carreteras o aceras estatales y por ende denegar la Moción de Sentencia Sumaria Parcial de MAPFRE, a pesar de no haber controversia de que la alegada caída de la demandante ocurrió en una acera adyacente a una carretera estatal por un tubo que había en la misma y con el que se alega que la recurrida se tropezó.

> Segundo error: Erró el Honorable Tribunal de Primera Instancia cuando determinó que había controversia ante la alegación de que la causa próxima del accidente fue que la recurrida no pudiera ver el desperfecto por la falta de alumbrado y no la existencia del pedazo de tubo como tal, concluyendo que la inmunidad concedida a los municipios no es infinita, a pesar de que precisamente está prohibida toda acción por daños y perjuicios a la persona por acto u omisión de un funcionario, agente o empleado municipal por accidentes ocurridos en las aceras y carretas estatales, de manera que no hay controversia real sobre los hechos que son materiales.

Procedemos a resolver sin tramite ulterior, bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7 (B) (5), la cual nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

**II**

### A. *Certiorari*

El auto de *certiorari* es un vehículo procesal extraordinario que le brinda autoridad a un tribunal de mayor jerarquía para revisar las determinaciones de un tribunal inferior. *Rivera et al v. Arcos Dorados et al,* 212 DPR 194, 207 (2023) que cita a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al v. BBVAPR*, 185

---

[7] Apéndice VI del Recurso de *Certiorari*, págs. 168-178.
[8] Apéndice VII del Recurso de *Certiorari*, pág. 179.

DPR 307, 337-338 (2012). Aunque se trata de un recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos, como foro revisador, expedir o denegar el auto. *IG Builders v. BBVAPR, supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). En específico, la Regla 52.1 dispone lo siguiente:

> […]
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o **de la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.** […] (Énfasis nuestro.)

Conforme a lo dispuesto en la anterior disposición legal y la jurisprudencia interpretativa, nos corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari*. Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que analizar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué supuestos se podrá expedir el auto de *certiorari*. En aquellos escenarios, en los que la materia no esté comprendida dentro de la citada regla, el tribunal revisor debe negarse a expedir el auto de *certiorari*.

Así las cosas, el primer examen al que debemos someter todo recurso de *certiorari* para determinar si debemos expedirlo es que debe tratar sobre alguna de las materias especificadas en la citada Regla 52.1 de Procedimiento Civil, *supra*. Este examen es mayormente objetivo. Por

esto, se ha señalado que "los litigantes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes y resoluciones de asuntos que no estén cobijados bajo las disposiciones de la Regla 52.1". Hernández Colón, *Derecho Procesal Civil*, 5ta ed., LexisNexis, San Juan, 2010, pág. 476.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. A esos fines, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, de acuerdo con lo dispuesto en la citada Regla 40, *supra*, debemos evaluar "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, a los fines de determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008) que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79 (2001). Así pues, la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros",[9] sino que como Tribunal revisor debemos ceñirnos a los criterios antes citados. Si luego de evaluar los referidos criterios, este tribunal decide no expedir el recurso, podemos

---

[9] *IG Builders et al v. BBVAPR, supra* que cita a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).

fundamentar nuestra determinación, mas no tenemos la obligación de así hacerlo.[10]

### B. Sentencia Sumaria

En nuestro ordenamiento jurídico, la sentencia sumaria se rige por la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V. R. 36. Este mecanismo "responde al propósito de aligerar la conclusión de los pleitos eliminando el juicio en su fondo, pero siempre y cuando no exista una legítima disputa de hecho a ser dirimida, de modo que lo restante sea aplicar el derecho solamente". (Énfasis nuestro.) *Jusino et als. v. Walgreens,* 155 DPR 560, 576 (2001). Conforme la letra de la Regla 36. 1 de Procedimiento Civil, 32 LPRA Ap. V R. 36.1, para poder adjudicar en los méritos una moción de sentencia sumaria a favor del reclamante, lo que se requiere es que se presente "una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente" ya sea sobre la totalidad de la reclamación o parte de esta. En este sentido, un hecho material "es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable." *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015). Por ello, "[l]a controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario". *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

En armonía con lo anterior, la sentencia sumaria solo debe dictarse en casos claros. Si no existe certeza sobre todos los hechos materiales en la controversia, no procede que se dicte sentencia sumaria. Sin embargo, se ha establecido que la sentencia sumaria, "[p]rocede, aunque se hayan alegado hechos que aparenten estar en controversia, pero cuando el promovente logre demostrar preponderantemente, y mediante dicha prueba documental, que en el fondo no existe controversia sobre

---

[10] 32 LPRA Ap. V, R. 52.1.

los hechos medulares." *Jusino et als. v. Walgreens*, *supra*, a la pág. 577. Ante esta situación, la parte promovida debe "defenderse de la misma forma, es decir, apoyándose a su vez de documentos u otra evidencia admisible." *Id*.

Asimismo, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, establece unos requisitos de forma a ser cumplidos por la parte promovente y la parte promovida. Si el promovente incumple con los requisitos de forma, "el tribunal no estará obligado a considerar su pedido.*" Meléndez González v. M. Cuebas*, *supra*, a la pág. 111. Del mismo modo, si el promovido es quien incumple dichos requisitos "el tribunal puede dictar Sentencia Sumaria a favor de la parte promovente, si procede en derecho." *Id*.

En fin, toda vez que la sentencia sumaria es un remedio de carácter discrecional, "[e]l sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido proceso de ley." *Mgmt. Adm. Servs. Corp. v. E.L.A.,* 152 DPR 599, 611 (2000). Siendo esto así, solo procede que se dicte la sentencia sumaria "cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia." *Meléndez González v. M. Cuebas*, *supra*, a las págs. 109-110, que cita a: *Const. José Carro v. Mun. de Dorado*, 186 DPR 113 (2012).

Según se ha reiterado jurisprudencialmente, este tribunal revisor se encuentra en la misma posición que el foro de primera instancia al determinar si procede o no una sentencia sumaria. Sin embargo, al revisar la determinación del tribunal primario, estamos limitados de dos maneras: (1) considerar solamente los documentos que se presentaron ante el foro de primera instancia; y (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho

se aplicó de forma correcta. Esto es, estamos impedidos de adjudicar los hechos materiales esenciales en disputa. *Vera v. Dr. Bravo*, 161 DPR 308, 334-335 (2004). El deber de adjudicar hechos materiales y esenciales es una tarea que le compete al Tribunal de Primera Instancia y no al foro intermedio.

A esos efectos, el Tribunal Supremo de Puerto Rico estableció el estándar específico que debemos utilizar como tribunal revisor al momento de evaluar determinaciones del foro primario en las que se conceden o deniegan mociones de sentencia sumaria. En lo pertinente, dispuso que "[l]a revisión del Tribunal de Apelaciones es una *de novo* y debe examinar el expediente de la manera más favorable a favor de la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor." *Meléndez González v. M. Cuebas*, *supra*, a la pág. 118. Además, reiteró que, por estar en la misma posición que el foro primario, revisaremos que la moción de sentencia sumaria y su oposición cumplan con los requisitos de forma recopilados en la Regla 36 de Procedimiento Civil. *Id*. Por lo cual, luego que culminemos nuestra revisión del expediente, de encontrar que en realidad existen hechos materiales y esenciales en controversia, debemos tener en cuenta el cumplimiento de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V R. 36.4, y exponer concretamente cuáles hechos materiales están controvertidos y cuáles están incontrovertidos. Por el contrario, de resultar que los hechos materiales y esenciales realmente están incontrovertidos, entonces nos corresponde **revisar de *novo* si el foro impugnado aplicó correctamente el derecho a los hechos incontrovertidos**. *Id.*, a la pág. 119.

**III**

La parte peticionaria nos plantea que erró el foro primario al no aplicar la inmunidad concedida a los municipios por accidentes en las carreteras o aceras estatales y por ende denegar la Moción de Sentencia Sumaria Parcial, a pesar de no existir controversia de que la alegada

caída de la parte recurrida ocurrió en una acera adyacente a una carretera estatal por un tubo que había en la misma. Por otro lado, la parte peticionaria nos señala que erró el Tribunal de Primera Instancia al determinar que había controversia ante la alegación de que la causa próxima del accidente fue que la recurrida no pudiera ver el desperfecto por la falta de alumbrado y no la existencia del pedazo de tubo como tal, concluyendo que la inmunidad concedida a los municipios no es infinita, a pesar de que está prohibida toda acción por daños y perjuicios al municipio por accidentes ocurridos en las aceras y carretas estatales.

Primeramente, nos corresponde evaluar si el recurso ante nuestra consideración versa sobre alguna de las materias contenidas en la Regla 52.1 de Procedimiento Civil, *supra*. Al tratarse de una denegatoria de una moción de carácter dispositivo, en este caso una sentencia sumaria, tenemos jurisdicción bajo la Regla 52.1 de Procedimiento Civil, *supra*. Ahora bien, en segundo lugar, debemos analizar el asunto que se plantea ante nos tomando en consideración los criterios establecidos en Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Luego de revisar *de novo* los documentos que acompañaron las mociones de sentencia sumaria presentada por MAPFRE, así como las mociones de oposición, y la resolución recurrida, no vemos presente alguno de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Es decir, no nos encontramos ante supuesto donde el TPI hubiese actuado con prejuicio, parcialidad o con error craso y manifiesto. De igual forma, somos del criterio que no se justifica nuestra intervención en esta etapa del procedimiento, por tal razón procedemos a denegar la expedición del recurso de c*ertiorari* para que continúen los procedimientos del manejo del caso en el TPI.

**IV**

Por los fundamentos que anteceden, denegamos expedir el auto de *certiorari*.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones